IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DARRYL LERAY GIBBS, Individually and as
Personal Representative of the Estate of Darryl
Jackson and on behalf of Darryl Jackson's
Surviving heirs and statutory wrongful death
beneficiaries                                                                    PLAINTIFF


v.                                          Civil No. 1:19-cv-1021


DEERE & COMPANY d/b/a JOHN DEERE,
*et al.*                                                                          DEFENDANTS


## ORDER

Before the Court is Plaintiff's Motion for Voluntary Dismissal Without Prejudice. ECF
No. 73. Separate Defendant Deere & Company ("Deere") has filed a response.[1] ECF No. 74.
Plaintiff has filed a reply. ECF No. 75. The motion is ripe for the Court's consideration.

Plaintiff asks the Court to approve the dismissal of his case pursuant to Federal Rule of
Civil Procedure 41(a)(2). Once a defendant has served its answer, "an action may be dismissed at
the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ.
P. 41(a)(2). "When deciding whether to exercise its discretion to allow a voluntary dismissal, the
'district court should consider . . . whether the party has presented a proper explanation for its
desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and
whether a dismissal will prejudice the defendants.'" *Mullen v. Heinkel Filtering Sys., Inc.*, 770
F.3d 724, 728 (8th Cir. 2014) (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)).

Plaintiff's stated reason for dismissal is that it is impossible to join all necessary parties in

---

[1] No other Defendant filed a response in opposition to Plaintiff's Motion for Voluntary Dismissal.

this diversity-based action because three of the necessary parties are Arkansas citizens, whose presence in this action would destroy diversity.  Plaintiff will, however, be able to join all necessary parties in one unified action filed in state court.  In fact, Plaintiff has already initiated a proceeding in the Circuit Court of Ashley County, Arkansas, against the diversity-destroying defendants.  Plaintiff avers that should the Court allow him to dismiss this action, he will immediately move to add all Defendants in the instant case to the state court proceeding.[2]   The Court finds that Plaintiff has stated a proper explanation for his desire to dismiss this action.

The Court now considers whether a dismissal would result in a waste of judicial time and effort.  Deere argues that it would be more efficient for Plaintiff to add all diverse parties from the state court action to the instant case.  However, this would still result in two separate cases regarding the same incident pending simultaneously—one in state court and one in federal court.  On the other hand, joining all  parties in one unified action could reduce the costs of litigation by having one unified discovery track and trial.  It is the Court's understanding that only one deposition has been taken so far in the instant action.  Accordingly, the Court is not persuaded that a dismissal would necessarily result in a waste of judicial resources.

Defendant argues that it will be prejudiced by a dismissal of this case if Plaintiff does not immediately add it to the state court action.  Defendant notes that Plaintiff could wait up to a year to add it to the state court action,[3] during which Plaintiff could "take the lead in the state court depositions . . . without Deere's involvement."  ECF No. 74, p. 6.  According to Deere, this potential waiting period would "prejudice Deere in the timely defense of [the] case . . . [and] its ability to take the lead on deposing witnesses that are vital to its defense.  ECF No. 74, p. 7.

---

[2] Specifically, Plaintiff states that he "will file an amended complaint to [add all Defendants in the present case] to the state court proceeding in Ashley County, Arkansas."  ECF No. 75, ¶ 4.

[3] Pursuant to Ark. Code Ann. § 16-56-126, Plaintiff has up to one year to commence a new action after suffering a nonsuit.

In the context of a Rule 41(a)(2) dismissal, legal prejudice means "something other than the necessity that defendant might face of defending another action." *Mullen*, 770 F.3d at 728 (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)).  "The expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice." *Mullen*, 770 F.3d at 728.

The Court is mindful that Deere has devoted some time and expense defending this lawsuit. On the other hand, it appears the parties have not engaged in extensive discovery as only one deposition has been conducted.  Most, if not all, of the work already completed will be relevant to claims asserted in the state court action.  Further, Plaintiff states that he will "file an amended complaint within ten days of [the Court entering] an order of voluntary dismissal without prejudice," which should negate Deere's worry that it would be placed in limbo for up to one year waiting on Plaintiff to add it to the state court action.  Therefore, the Court concludes that a voluntary dismissal will not substantially prejudice Deere.

For the reasons stated above, the Court finds that dismissal without prejudice is warranted under Rule 41(a)(2).  Accordingly, Plaintiff's Motion for Voluntary Dismissal Without Prejudice (ECF No. 73) is **GRANTED**.  This case is **DISMISSED WITHOUT PREJUDICE**, with the condition that if the matter is refiled, Plaintiff is ordered to pay any additional costs and reasonable attorney's fees that Deere incurs as a result of refiling.

**IT IS SO ORDERED**, this 25th day of May, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge